UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELO GONZALEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-00034** |
| **RONNIE SEAL, ET AL** | **SECTION: "J" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I. **Factual and Procedural Background**

The plaintiff, Angelo A. Gonzalez, ("Gonzalez") was incarcerated in the B.B. "Sixty" Rayburn Correctional Center at the time of the filing of this *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] He has since been released from prison.[2] He filed his *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was housed in the Rayburn Correctional Center. Gonzalez then filed an amended complaint in the matter.

Following the filing of the amended complaint, summons were issued for service on the defendants. The record does not contain any indication the summons and complaint were served on defendants Darrell Peters or Ronald Branch.

---

[1] Rec. Doc. No. 1, Complaint.

[2] Rec. Doc. No. 75.

As a result, on August 18, 2017, the undersigned issued an Order for Gonzalez to show cause on or before September 6, 2017, by written memorandum or motion, why defendants Darrell Peters or Ronald Branch should not be dismissed for the plaintiff's failure to serve within 120 days of filing the complaint as required under Federal Rule of Civil Procedure 4(m).[1]  Gonzalez responded on September 13, 2017, however, his response did not comply with the Court's order and did not address why defendants Darrell Peters or Ronald Branch should not be dismissed for a failure to serve.[2]

**II.     Law and Analysis**

At all relevant times in this case, Fed. R. Civ. P. 4(m) provided that service must be made within 120 days of the filing of the complaint.  In this case, summons were issued by the Clerk of Court, and the record does not contain any indication that Gonzalez served defendants Darrell Peters or Ronald Branch as required by law.  Gonzalez also has not complied with the Court's show cause order.

Fed. R. Civ. P. 41(b) provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

---

[1] Rec. Doc. No. 74.

[2] Rec. Doc. No. 76.

Gonzalez is not represented by counsel and is solely responsible for his failure to comply with the Court's order and the Federal Rules of Civil Procedure. Gonzalez has failed to respond appropriately to the Court's Show Cause Order or submit proof of service on the defendants. He therefore has failed to comply with both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). Because Gonzalez has caused the continued delay in the progress of this action and has failed to perfect service, his claims should be dismissed with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b) dismissal should be with prejudice "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (the courts "view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.").

### III. Recommendation

It is therefore recommended that Gonzalez's complaint against defendants Darrell Peters and Ronald Branch be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 13th day of April 2018.

*[signature]*

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

4